# Laub's Estate.

*Will—Life estate—Remainder.*

Testatrix after having given an absolute estate in personal property to her daughter L., cut it down in a subsequent clause to an estate in trust with power in the trustees to use any part or all of it for the support of L. She then directed as follows: "And if at the death of my said daughter L., any of the estate by me herein bequeathed to her should be left or remaining, then the same shall be paid, and I give and bequeath the same unto her legal issue, if she shall have left any, and to their heirs. And if she shall not have left such issue then I give and bequeath the same unto my daughter E., and my son G. in equal shares and parts to their heirs and assigns." The daughter L. died testate without issue. *Held*, that the representatives of E. and G. who died before L. were entitled to take the estate left in trust for L.

Argued Nov. 11, 1914. Appeal, No. 129, Oct. T., 1914, by plaintiff, from decree of O. C. Lancaster Co., May Term, 1913, No. 47, dismissing exceptions to adjudication in case of Reuben Dague, Executor of the will of Louisa Laub, v. Sue E. Whitaker, administratrix d. b. n. of Elizabeth Ann Whitaker, and John S. Livers, administrator d. b. n. c. t. a. of Geo. W. Laub, deceased. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to adjudication.

Elizabeth Laub by her will, directed, inter alia, as follows:

"9th Item: If my son George W. Laub, shall under foregoing provisions take and accept of my real estate, then in the first place I give and bequeath unto him, his heirs and assigns the sum of Two Hundred Dollars of the said appraisement money, and the balance and remainder of my estate, I give and bequeath unto my said son, George W. Laub, Louisa Laub and Elizabeth Ann Laub, and to their respective heirs and assigns. But if my son George shall neglect or refuse to take and

accept of my real estate as aforesaid, then the whole balance or remainder of my estate shall be divided amongst and I give and bequeath the same unto my said three children in equal shares and parts and to their respective heirs and assigns.

"10th. But if in either of said cases the share of my estate at the settlement of the principal thereof as aforesaid which may be coming to any or either of my said last named three children (exclusive of the said Two Hundred Dollars to my son George), shall be more than the amount of the valuation money of my real estate, if my son George accepts or than the amount of the sales thereof, if the same should be sold as aforesaid as the case may be, and at the time of such settlement and distribution of my estate my son Adam Dague should be married, or if he should be then dead and left legal issue then in such case under the provisions as above mentioned of the said legacy of Two Hundred Dollars to my son George the 'said balance and remainder of my estate shall be divided amongst and I give and bequeath the same unto my four children Adam Dague, Louisa Laub, Elizabeth Ann Laub and George W. Laub, in equal shares and parts and to their respective heirs and assigns.

"15th Item: And if my real estate should be sold, then so much of the purchase money thereof, as may be coming to my said daughter, Louisa, shall remain charged upon the same, the principal and interest to be paid in like manner, form and effect, as is directed to be done, if my son George should take and accept of the same at the appraisement which may be made thereof as aforesaid.

"16th Item: I expressly order and direct that no part of the estate herein by me bequeathed to my daughter Louisa, shall be paid to her or into her hands or to her order, but her share of my personal estate shall remain in the hands of my executors, to wit: My son Adam Dague, and George Washington Laub, whom I hereby

appoint trustees of all the estate by me bequeathed to my said daughter Louisa Laub.

"They, the said trustees and the survivor of them, and his successor to keep and continue the same or so much thereof as shall not be required for the use of my said daughter Louisa, at interest for the best interest they may reasonably obtain for the same. And if the said interest money and the interests proceeding from her share of my real estate as hereinbefore mentioned shall not be sufficient for the care and support of my said daughter Louisa, then the said trustees and the survivor of them and his successor, are hereby authorized to take and use of the principal sum of her share of my personal estate from time to time as much as may be necessary for that purpose until the whole principal sum, if necessary, shall be exhausted or taken up, and after that they are hereby authorized to demand, receive and receipt and release for from time to time as they or he may think necessary for that purpose of and parts of the principal sum of the moneys hereinbefore directed to be charged upon my real estate for the use of my said daughter Louisa, until the whole principal and interest shall have been paid. And if any of the said interest moneys shall not be required for the support of my said daughter, the same shall also be placed and continued at interest to increase the principal sum of the said trust fund, if it can be done.

"17th. And if at the death of my said daughter Louisa any of the estate by me herein bequeathed to her should be left or remaining then the same shall be paid and I give and bequeath the same unto her legal issue if she shall have left any and to their heirs. And if she shall not have left such issue then I give and bequeath the same unto my daughter Elizabeth Ann and son George W. Laub, in equal shares and parts and to their heirs and assigns. But if at the time of the death of my said daughter Louisa my son Adam Dague, should be living and married, or if he should be then dead and

have left legal issue, then the same shall be divided amongst and I bequeath the same to my son Adam, and daughter Elizabeth Ann and son George, in equal shares and part and to their respective heirs and assigns."

Louisa Laub died without issue.

Adam Dague died unmarried and without issue after the testatrix and before the cestui que trust.

Elizabeth Ann Laub is dead and Sue E. Whitaker is the administratrix d. b. n. of her estate.

George W. Laub is dead and John S. Livers is the administrator d. b. n. c. t. a. of his estate.

The court awarded the fund which was $945.90 in cash to the administrators of Elizabeth Ann Laub and George W. Laub share and share alike.

Exceptions to the adjudication were dismissed by the court.

*Error assigned* was in dismissing exceptions to adjudication.

*B. F. Davis*, for appellant.—The court below construed the gift to Louisa to be a life estate, but this is not the case. The estate was not given to her for life. If the bequest had been made to Louisa Laub for life, then the position of the court below might have been correct, but it was given to her absolutely, and in such a case it would not pass to the heirs of her sisters or brothers: Mengel's App., 61 Pa. 248; Smith's App., 23 Pa. 9.

Under the will, Louisa Laub had the right to consume the entire fund bequeathed to her; therefore, we take it that that was an absolute estate: Hambright's App., 2 Grant, 320; Welsh's Est., 239 Pa. 616.

*Frank S. Groff*, for appellees, cited: Eachus' App., 91 Pa. 105; Moorehead's Est., 180 Pa. 119; Tyson's Est., 191 Pa. 218; Zimmerman's Est., 23 Pa. Superior

Ct. 130; Horwitz v. Norris, 49 Pa. 213; Nice's Est., 227 Pa. 75; Gerhard's Est., Moyer's App., 160 Pa. 253; Eichelberger's Est., 135 Pa. 160; Livezey's App., 106 Pa. 201.

OPINION BY ORLADY, J., April 19, 1915:

In dismissing the exceptions filed to the adjudication, and confirming the distribution the learned court below held in substance, that while one item (16th), in the will of Elizabeth Laub created an active trust of the share of Louisa Laub during her lifetime, that another (17th), disposed of the balance remaining at her death. The construction placed on these items, cut down to a life estate the absolute estate given to Louisa Laub by earlier items (9th and 10th) of the will. The view taken by the court was evidently the same as that held by counsel for the trustee of Louisa Laub when its account was filed, and is in accord with the clearly expressed intention of the testator.

The decree of the orphans' court is affirmed.